MENTE & CO., INC. *vs.* GEORGE E. ROBINSON AND

HENRY S. MITTON (CARIBOU BAG COMPANY)

Aroostook.     Opinion, April 22, 1932.

*R. W. Shaw*, for plaintiff.

*C. F. Small*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J. This case is before us on report. The plaintiff is a manufacturer of bags and has a factory located at Savannah, Georgia. George Pennington of Houlton was its duly authorized agent. The defendant partnership is located at Caribou, Maine, and sells bags largely to potato growers in Aroostook County. On January 16, 1930, a contract was entered into between the parties under the terms of which the plaintiff agreed to sell and the defendant to buy 80,000 bags "to be shipped from August 1, 1930, to December 1, 1930, as ordered by the buyer." The following provision of the contract is the one about which this controversy arises.

"Buyer must furnish written instructions unless definite shipping dates have been written into this order. Seller need not make any shipment until twenty working days after receipt of such instructions nor until thirty working days after receipt of additional printing instructions and all printing instructions must be in writing, unless definitely written into this order."

On August 19 the defendant mailed at Caribou a letter addressed to George Pennington at Houlton which requested the shipment of 23,000 bags under the contract. This letter left Caribou on the afternoon train which was scheduled to arrive at Houlton at 5.41 P.M. of the same day. Pennington, due to his absence from town, did not receive the letter till August 21 and immediately telegraphed the order to Savannah. A part of the bags were shipped from Savannah September 10 and the balance September 13 and all arrived at Caribou with the usual despatch. The defendant,

claiming that the bags were not shipped in time in accordance with the terms of the contract, refused to accept them. Under the stipulation of the parties, this Court is to determine the question of liability, and the case is to be remanded to the Trial Court to assess any damages which may be due.

The view which we take of the case renders it unnecessary to decide whether the twenty day period allowed the manufacturer for the shipment of the goods commenced to run from the day when the order was received by the agent in Houlton or by the principal at Savannah, for in either event the shipment seems to have been made on time. The agreed statement is silent as to the time when the letter of August 19 was delivered at Pennington's office. In the absence of any information to the contrary we can only assume that this was on August 20. In figuring the time within which the shipment should have been made the day of the receipt of the shipping instructions is to be excluded. Benjamin: Sales, 4 ed., Sec. 684; 26 R. C. L., 745; *Homes* v. *Smith*, 16 Me., 181; *Oatman* v. *Walker*, 33 Me., 67. It is admitted that there were four non-working days between the date of the receipt of the order and the day of shipment. If we exclude these days and August 20 when the instructions were received, it is apparent that the last lot of bags, shipped on September 13, was sent within the twenty day period prescribed by the contract.

The defendant refers to a telegram sent by the plaintiff on September 8, stating that the bags had been shipped on that day, and claims that it relied on such statement. There is nothing in the agreed statement, however, to indicate that the defendant suffered any damage because of such misinformation, and the mistake of the defendant in this respect has no material bearing on the case.

The plaintiff performed its part of the contract, and the defendant by its refusal to accept the bags was guilty of a breach of it.

> *Case remanded to Trial Court for assessment of plaintiff's damages.*